UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: DAWN M. SIDOTI,<br><br>Debtor.<br><br>DAWN M. SIDOTI,<br><br>Plaintiff,<br><br>v.<br><br>SLM EDUCATION LOAN CORPORATION,<br>DEUTSCHE BANK ELT NAVIENT & SLM TRUSTS,<br>SALLIE MAE, INC.,<br>M&T CO. ELT NAVIENT ED TRUST,<br>UNITED STUDENT AID FUNDS, INC.,<br>WEST ASSET MANAGEMENT, INC.,<br>WINDHAM PROFESSIONALS, INC.,<br>CENTRAL CREDIT SERVICES, INC.,<br>ENTERPRISE RECOVERY SYSTEMS, INC.,<br>NATIONAL ENTERPRISE SYSTEMS, and<br>REDLINE RECOVERY SERVICES, LLC,<br><br>Defendants. | No. 14-45186 (ESS) |

Complaint to Determine Dischargeability of Student Loans

1. The Debtor ("Ms. Sidoti") filed for Chapter 7 bankruptcy relief in the Eastern District of New York on October 15, 2014. She was assigned the above docket number. (Docket Entry No. 1.)

2. Ms. Sidoti's debts were discharged on January 22, 2015. (Docket Entry No. 15.)

3. Much or all of Ms. Sidoti's unsecured student loan debts, however, were not discharged. (Docket Entry No. 15.)

4. On March 2, 2015, the Debtor moved to reopen her bankruptcy case for the purposes of filing an adversary complaint to determine the dischargeability of her student loans pursuant to 11 U.S.C. § 523(a)(8). (Docket Entry No. 17.)

5.   On April 6, 2015, the Court granted the motion to reopen this case. (Docket Entry No. 22.)

6.   On August 25, 2015, the Court closed this case. (Docket Entry No. 25.)

7.   On September 4, 2015, the Court reopened this case. (Docket Entry No. 26.)

8.   As a result, this Court has jurisdiction over this action under 28 U.S.C. § 1334. This proceeding is a core proceeding in which the Bankruptcy Court has authority to enter a final order or judgment pursuant to 28 U.S.C. § 157(b)(2)(I).

9.   Ms. Sidoti has listed all of the unsecured student loans that, to her best knowledge, exist and are due and owing on Schedule F, annexed as Exhibit A to this Complaint.[1]

10.  In July of 2015, Ms. Sidoti's employer, A&P, a supermarket company, declared bankruptcy and is in the process of liquidating all of its assets.

11.  Ms. Sidoti, 46, has worked for her employer for more than thirty (30) years at the same Brooklyn, New York supermarket. Ms. Sidoti has been notified, however, that her employment will terminate on November 12, 2015.

12.  Until on or about November 12, 2015, Ms. Sidoti will continue to work as a part-time receiver in the supermarket. She has held this job for approximately five (5) to six (6) years. Prior to working as a receiver, Ms. Sidoti was a bookkeeper at the supermarket for approximately 25 years.

13.  After a course at beauty school, from approximately 1996 through 1999, Ms. Sidoti worked as a full-time hair stylist at a salon for approximately three (3) years, in addition to her part-time work at the Brooklyn supermarket. Ms. Sidoti incurred student loan debt during her enrollment at beauty school.

14.  In or around 1999, Ms. Sidoti separated from her husband, the father of her three children, and they were divorced in or around 2008. After the separation, Ms. Sidoti became the primary caretaker of her three (3) young children. Thereafter, having assumed additional childcare responsibilities, Ms. Sidoti needed a more flexible schedule and so she discontinued working at the full-time hair salon job.

15.  Ms. Sidoti then enrolled in Kingsboro Community College between 1999 and 2001. At Kingsboro, Ms. Sidoti earned credits towards an associate degree in accounting. However, caregiving responsibilities interfered with her ability to finish her degree, and so she

---

[1] The Debtor has made great effort to sort and itemize the student loan debts. However, due to the frequent change in the identity of the servicers and/or name changes among the Defendants and the number of different disbursements at issue, such loans may itemized on Exhibit A and listed below multiple times. Further, most of these loans were originated by private lenders; thus these loans are not itemized on the National Student Loan Data System, which significantly eases the task of identifying discrete loans.

discontinued her studies. Ms. Sidoti did not incur any loan debt during her enrollment at Kingsboro.

16. Several years later, in or around 2005, Ms. Sidoti enrolled in online courses at Mercy College, Dobbs Ferry, New York in order to complete a bachelor degree in computer science, seeking to improve her job prospects and income.

17. The majority of the loans itemized in Exhibit A were incurred to pay tuition and expenses at Mercy College, Dobbs Ferry, New York.

18. When she enrolled in Mercy College, Ms. Sidoti pursued a computer science degree online, instead of one in accounting, because she believed that a computer science degree would be more marketable and better improve her job prospects post-graduation.

19. Ms. Sidoti completed approximately one (1) year's worth of coursework towards her bachelor's degree at Mercy College while working more than thirty (30) hours per week as a bookkeeper in a supermarket. As a result of her taxing schedule, Ms. Sidoti's grades suffered.

20. While enrolled at Mercy College, Ms. Sidoti, who remained separated from her husband, continued to serve as the primary caretaker for her three (3) minor children.

21. Although she had completed credits at Mercy College toward her degree, Ms. Sidoti realized that she had accumulated significant private student loan debt at high interest rates. She recognized that payment of the current interest alone that was accruing on the loans was unmanageable.

22. Ms. Sidoti also recognized that continuing her studies would require additional loans which would further increase her current and future debt and compound her inability to pay. Additionally, she was concerned about her ability to succeed academically given her work schedule and childcare demands. Accordingly, Ms. Sidoti withdrew from college enrollment in/or around August 2006.

23. Both before and during her enrollment at Mercy College, Ms. Sidoti worked as a bookkeeper in the same Brooklyn, New York supermarket where she currently works.

24. During this time, Ms. Sidoti began to experience additional economic hardship. In or around late 2005, Ms. Sidoti's landlord sold the building in which she lived, and she was forced to rent a new apartment starting in November 2005. As a result, her monthly rent payment increased from $900 to $1,300. The rental payment is currently $1,400.

25. On several occasions, Ms. Sidoti attempted to negotiate a lower monthly payment plan on her student loans with one lender, Sallie Mae, Inc., after the grace period for repayment lapsed. Although she was able to forbear her loans for one or more periods of time, Sallie Mae, Inc. would not adjust the monthly payment amount, which Ms. Sidoti was unable to

pay. However, Ms. Sidoti continued to make intermittent payments on these loans. She also made larger payments when she received her annual tax refund.

26. Ms. Sidoti was able to consolidate her federal student loan debt incurred during her enrollment at Mercy College and to achieve an affordable monthly payment amount of approximately $80.00 in or around February of 2007. Ms. Sidoti made regular monthly payments on this debt.

27. In or around 2007 and 2008, Ms. Sidoti unsuccessfully sought new employment as a bank teller.

28. In around 2010, Ms. Sidoti assumed additional childcare responsibilities for her partner's three (3) minor children. She needed a flexible schedule to accommodate these responsibilities. Therefore, she was and remains unable to seek full-time employment.

29. In or around 2010, Ms. Sidoti's ex-husband ceased to provide her any financial support.

30. In late 2010, her employer, A&P, filed for bankruptcy. Her employer cut her weekly hours significantly from approximately thirty (30) per week to as little as sixteen (16) or twenty (20). Thereafter, Ms. Sidoti's employer also cut her pay rate: the employer paid Ms. Sidoti one hour per week at a rate of minimum wage of $7.25, instead of her then-hourly rate of $14.20. Ms. Sidoti continues to receive one hour of minimum wage pay per week at the current rate of $8.75 per hour.

31. Ms. Sidoti has requested additional hours from her employer on numerous occasions. Ms. Sidoti has consistently taken any opportunity to work more hours or to work on holidays, which are compensated at one and one-half (1.5) times her regularly hourly rate.

32. Despite her efforts to work additional hours, Ms. Sidoti's assigned hours have not returned to their pre-2010 levels.

33. Ms. Sidoti currently works approximately sixteen (16) to twenty (20) hours per week as a receiver, although she will be laid off effective November 12, 2015, see paragraph 11, supra.

34. Ms. Sidoti currently earns approximately $1,250.00 in gross wages each month. After taxes and other deductions, Ms. Sidoti nets approximately $990.00 per month after her Chapter 7 discharge.

35. In 2014, Ms. Sidoti earned $17,082.70 in gross wages. In 2013, Ms. Sidoti earned $15,168.87 in gross wages.

36. This income barely suffices for necessities for Ms. Sidoti and her dependent daughter, 20. Ms. Sidoti's daughter lives with her and currently attends college. Ms. Sidoti provides food, shelter, and personal items for her daughter.

37. In addition to her daughter, Ms. Sidoti also lives with her partner and his three (3) minor children. The monthly household expenses total approximately $3,250.00, of which Ms. Sidoti's partner contributes approximately $2,337.00.

38. Ms. Sidoti's partner is employed by the U.S. Army and also serves as a reservist with the National Guard. As a result, he is frequently called away from home for service with little or no advance notice. For his job with the Army, he is required to attend school remotely for up to a month at a time. For each of the last few years, he has attended school at least once per year. For his reserve duties, he serves remotely for one weekend per month and attends two weeks of training each year, also away from home. In the recent past, he also served for almost three weeks following a natural disaster.

39. Due to her partner's duties, Ms. Sidoti is the primary caretaker for her partner's three (3) minor children, ages 8, 11, and 14. The two eldest children have intellectual disabilities within the meaning of the Individuals with Disabilities Education Act.

40. When Ms. Sidoti is working and the three (3) children are not at school, Ms. Sidoti's daughter provides childcare. Ms. Sidoti also handles domestic duties for the household.

41. Ms. Sidoti has incurred as much as $240,897.41 in student loan debt.[2]

42. Specifically, one of the unsecured debts owing by Ms. Sidoti and listed in Exhibit A is a student loan owing to Defendant SLM Education Loan Corporation in the amount of $30,056.20. Ms. Sidoti is currently a defendant in an action pending in New York City Civil Court, Kings County, Index No. 61486/13.

43. Another unsecured debt owing by Ms. Sidoti, also listed in Exhibit A, is a student loan owing to Defendant SLM Education Loan Corporation in the amount of $8,329.32. Ms. Sidoti is currently a defendant in an action pending in the Supreme Court of New York, Kings County, Index No. 18747/13.

44. A third unsecured debt owing by Ms. Sidoti, also listed in Exhibit A, is a student loan owing to Defendant Deutsche Bank ELT Navient & SLM Trusts in the amount of $2,625.00. This debt is serviced by Navient Solutions, Inc.

45. A fourth unsecured debt owing by Ms. Sidoti, also listed in Exhibit A, is a student loan owing to Defendant Sallie Mae, Inc. in the amount of $33,580.00.

46. A fifth unsecured debt owing by Ms. Sidoti, also listed in Exhibit A, is a student loan owing to Defendant Sallie Mae, Inc. in the amount of 9,429.00.

[2] This total may include the same loan in duplicate, triplicate, or more due to consolidation and changes in servicers and lenders. (Note 1, supra.)

47. A sixth unsecured debt owing by Ms. Sidoti, also listed in Exhibit A, is a student loan owing to Defendant Sallie Mae, Inc. in the amount of $6,821.00.

48. A seventh unsecured debt owing by Ms. Sidoti, also listed in Exhibit A, is a student loan owing to Defendant M&T Co. ELT Navient Ed Trust in the amount of $2,625.00. This debt is serviced by Navient Solutions, Inc.

49. An eighth unsecured debt owing by Ms. Sidoti, also listed in Exhibit A, is a student loan owing to Defendant Deutsche Bank ELT Navient & SLM Trusts in the amount of $2,425.00. This debt is serviced by Navient Solutions, Inc.

50. A ninth unsecured debt owing by Ms. Sidoti, also listed in Exhibit A, is a student loan owing to Defendant Deutsche Bank ELT Navient & SLM Trusts in the amount of $4,102.00. This debt is serviced by Navient Solutions, Inc.

51. A tenth unsecured debt owing by Ms. Sidoti, also listed in Exhibit A, is a student loan owing to Defendant United Student Aid Funds, Inc.[3] in the amount of $10,071.00.

52. An eleventh unsecured debt owing by Ms. Sidoti, also listed in Exhibit A, is a student loan owing to Defendant Windam Professionals, Inc. in the amount of $9,870.20.

53. A twelfth unsecured debt owing by Ms. Sidoti, also listed in Exhibit A, is a student loan owing to Defendant Windam Professionals, Inc. in the amount of $6,429.36.

54. A thirteenth unsecured debt owing by Ms. Sidoti, also listed in Exhibit A, is a student loan owing to Defendant Central Credit Services, Inc. in the amount of $34,403.71.

55. A fourteenth unsecured debt owing by Ms. Sidoti, also listed in Exhibit A, is a student loan owing to Defendant Central Credit Services, Inc. in the amount of $963.02.

56. A fifteenth unsecured debt owing by Ms. Sidoti, also listed in Exhibit A, is a student loan owing to Defendant Enterprise Recovery Systems, Inc. in the amount of $5,306.57.

57. A sixteenth unsecured debt owing by Ms. Sidoti, also listed in Exhibit A, is a student loan owing to Defendant National Enterprise Systems in the amount of $8,735.55.

58. A seventeenth unsecured debt owing by Ms. Sidoti, also listed in Exhibit A, is a student loan owing to Defendant National Enterprise Systems in the amount of $30,561.67.

[3] This creditor is listed as "USA Funds" on Exhibit A. At some point in time, this debt appears to have been serviced by West Asset Management, Inc. For the sake of thoroughness, West Asset Management, Inc. has been included here as a defendant, although it was not listed as a creditor on Exhibit A.

59. An eighteenth unsecured debt owing by Ms. Sidoti, also listed in Exhibit A, is a student loan owing to Defendant Redline Recovery Services, LLC in the amount of $43,120.17.

60. A nineteenth unsecured debt owing by Ms. Sidoti, also listed in Exhibit A, is a student loan owing to Defendant M&T Co. ELT Navient Ed Trust in the amount of $1,975.00. This debt is serviced by Navient Solutions, Inc.

61. Ms. Sidoti's financial circumstances are unlikely to improve in the future, given her limited educational experience. Additionally, Ms. Sidoti's employer again filed for bankruptcy in mid-2015, raising the possibility of further cuts to Ms. Sidoti's income or unemployment, if her store were to close.

62. Ms. Sidoti has no current or anticipated available income or resources with which to pay the aforementioned loans and any payments on those loans could be made only at undue hardship to the Debtor.

WHEREFORE, the Debtor prays that this Court enter an Order declaring the student loan debt of the Debtor to be dischargeable in this bankruptcy case and granting any other appropriate equitable relief.

October 29, 2015
New York, New York

Cristina E. Gallo (CG-3053)

FRIEDMAN & ANSPACH
1500 Broadway, Suite 2300
New York, New York 10036
(212) 354-4500

Attorneys for Debtor

4845-6034-8441, v. 1

# EXHIBIT

 Form B6 F (12/07) **Blumberg**Excelsior, Inc., Publisher, NYC 10013

**In re:** Sidoti, Dawn M. **Debtor(s)** **Case No.** (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| 0632<br>ACA Credit Collection Svs<br>Two Wells Avenue<br>Newton, MA 02459 | | [ | Original Creditor is Quest Diagnostics. Incurred on 3/15/2011. | | 25.00 |
| 5000<br>CHASE<br>PO BOX 15298<br>WILMINGTON, DE 19850 | | [ | Charge account. Incurred 2006-2007. | | 3,500.00 |
| 0808<br>CHASE<br>PO BOX 15298<br>WILMINGTON, DE 19850 | | [ | Charge Account. Incurred 2003-2006 | | 7,500.00 |
| 8105<br>Central Credit Services<br>P.O. Box 15118<br>Jacksonville, FL 32239 | | [ | Original creditor is Sallie Mae, Inc. | | 34,403.71 |
| 8106<br>Central Credit Services<br>P.O. Box 15118<br>Jacksonville, FL 32239 | | [ | Original creditor is Sallie Mae, Inc. | | 963.02 |
| 4819<br>Conserve<br>200 Crosskeys Office Park<br>Fairport, NY 14450 | | [ | Original Creditor is Mercy College, Incurred 2005-2007. | | 5,886.00 |

X continuation sheets attached

Subtotal $ 52,277.73

Total $ 52,277.73

(Use only on last page of the completed Schedule F.)
(Report total also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

 Form B6 F (12/07) BlumbergExcelsior, Inc , Publisher, NYC 10013

In re: Sidoti, Dawn M. Debtor(s) Case No. (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| 2051<br>Dell Financial Srvs.<br>1 Dell Way, PS2DF-22<br>Round Rock, TX 78682 | | [ | Charge Account. Incurred 7/2004 | | 1,500.00 |
| 5898<br>Enhanced Recovery LLC<br>8014 Bayberry Road<br>Jacksonville, FL 32256 | | [ | Original Creditor is Sprint | | 700.00 |
| 6437<br>Enterprise Recovery Syste<br>P.O. Box 5169<br>Oakbrook, IL 60522 | | [ | Original creditors are USA Funds and SLM Education Loan Corp. | | 5,306.57 |
| 0189<br>HSBC Retail Services<br>PO BOX 5253<br>CAROL STREAM, IL 60197 | | [ | Charge Account. Incurred 2006-2009 | | 2,000.00 |
| 4477<br>Joseph l. Hunsberger<br>1000 Park Blvd.<br>Suite 202<br>Massapequa, NY 11762 | | [ | Original Creditor is Richmond Medical Anesthesia Associates. Medical Bill incurred on 1/31/07 | | 1,182.00 |
| 5002<br>Maimonides Medical Center<br>4802 Tenth Avenue<br>Patient Accounts<br>Brooklyn, NY 11219 | | [ | Medical Bill incurred from 3/04 to 4/04 | | 326.55 |

x continuation sheets attached

| | |
|---|---|
| Subtotal | $ 11,015.12 |
| Total | $ 63,292.85 |

(Use only on last page of the completed Schedule F.)
(Report total also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Form B6 F (12/07) BlumbergExcelsior, Inc., Publisher, NYC 10013

In re: Sidoti, Dawn M. Debtor(s) Case No. (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| 9504<br>Mercy College<br>Office of Student account<br>555 Broadway<br>Dobbsferry, NY 10522 | | [ | College Tuition and fees, incurred 2005-2007. | | 3,532.00 |
| 2108<br>National Enterprise Syste<br>29125 Solon Road<br>Solon, OH 44139 | | [ | Original creditor is Sallie Mae, Inc. | | 8,735.55 |
| 2108<br>National Enterprise Syste<br>29125 Solon Road<br>Solon, OH 44139 | | [ | Original creditor is Sallie Mae | | 30,591.67 |
| 8465<br>Paul Michael Assoc.<br>186-09 Union Turnpike<br>Flushing, NY 11366 | | [ | Original Creditor is Sunrise Medical Lab. Medical Bill. Incurred in 2007. | | 322.00 |
| 5282<br>Quest Diagnostics Inc.<br>PO Box 71304<br>Philadelphia, PA 19176 | | [ | Medical Bill incurred on 3/15/11. | | 25.00 |
| 7881<br>Redline Recovery<br>P.O. Box 742245<br>Houston, TX 77274 | | [ | Original creditor is Sallie Mae | | 43,120.17 |

x continuation sheets attached.

Subtotal $ 86,326.39

Total $ 149,619.24

(Use only on last page of the completed Schedule F.)
(Report total also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

 Form B6 F (12/07) BlumbergExcelsior, Inc., Publisher, NYC 10013

In re: Sidoti, Dawn M. Debtor(s) Case No. (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| r44477<br>Richmond Medical Anesthes<br>PO Box 120988<br>Staten Island, NY 10312 | | [ | Medical Bill incurred on 1/31/07 | | 770.00 |
| 5637<br>Richmond University Med C<br>PO Box 786051<br>Philadelphia, PA 19178 | | [ | Medical Bill Incurred 1/31/07. | | 2,420.00 |
| Q224302<br>Ronald Moses<br>Marshal City of NY<br>116 John Street, 15th Fl<br>New York, NY 10038 | | [ | Garnishment from Tribeca Management; original Creditor is Bank USA, N.A. | | 2,510.22 |
| Q171443<br>Ronald Moses<br>Marshal City of NY<br>116 John Street, 15th Fl<br>New York, NY 10038 | | [ | Garnishment from Arrow Financial Services | | 9,407.45 |
| 2626<br>SLM Education Loan Corp.<br>12061 Bluemont Way<br>Reston, VA 20190 | | [ | Incurred 9/05; original creditors are Sallie Mae and Tuition | | 30,056.20 |
| 2627<br>SLM Education Loan Corp.<br>12061 Bluemont Way<br>Reston, VA 20190 | | [ | Incurred 7/06; original creditors are Sallie Mae and Tuition | | 8,329.32 |

x continuation sheets attached

Subtotal $ 53,493.19

Total $ 203,112.43

(Use only on last page of the completed Schedule F.)
(Report total also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)



Form B6 F (12/07) BlumbergExcelsior, Inc , Publisher, NYC 10013

In re: Sidoti, Dawn M. Debtor(s) Case No. (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| 5898<br>SPRINT<br>PO Box 105243<br>Atlanta, GA 30348 | | | Phone Bill, Incurred in late 1990's. | | 700.00 |
| 1081<br>Sallie Mae<br>11100 USA PKWY<br>Fishers, IN 46037 | | [ | Student Loan incurred on 05/1995 | | 2,625.00 |
| 2005<br>Sallie Mae<br>11100 USA PKWY<br>Fishers, IN 46037 | | [ | Student Loan incurred on 09/2005 | | 33,580.00 |
| 2006<br>Sallie Mae<br>11100 USA PKWY<br>Fishers, IN 46037 | | [ | Student Loan incurred on 07/2006 | | 9,429.00 |
| 2007<br>Sallie Mae<br>11100 USA PKWY<br>Fishers, IN 46037 | | [ | Student Loan incurred on 02/2007 | | 6,821.00 |
| 1081<br>Sallie Mae<br>11100 USA Parkway<br>Fishers, IN 46037 | | [ | Incurred 6/05 | | 2,625.00 |

X continuation sheets attached

Subtotal $ 55,780.00

Total $ 258,892.43

(Use only on last page of the completed Schedule F.)
(Report total also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)



Form B6 F (12/07) BlumbergExcelsior, Inc., Publisher, NYC 10013

In re: Sidoti, Dawn M. Debtor(s) Case No. (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| 1081<br>Sallie Mae<br>11100 USA Parkway<br>Fishers, IN 46037 | | [ | Incurred 5/1995 | | 2,425.00 |
| Sallie Mae<br>220 LASLEY AVE<br>agency USA Funds, Inc<br>WILKES-BARRE, PA 18706 | | [ | Incurred 2/07; current lender Deutsche Bank ELT SLM Trusts | | 4,102.00 |
| 1081<br>Sallie Mae<br>PO Box 9500<br>Wilkes Barre, PA 18773 | | [ | Incurred 6/05 | | 1,975.00 |
| 8465<br>Sunrise Medical Labs<br>PO Box 18002<br>Hauppauge, NY 11788 | | [ | Medical Bill | | 322.00 |
| 6368<br>USA Funds<br>PO Box 6180<br>Indianapolis, IN 46206 | | | Original Creditor is Sallie Mae, Account opened 8/2011 | | 10,071.00 |
| 2051<br>WECB Bank/DFS<br>PO Box 81607<br>Austin, TX 78708 | | [ | Charge Account. Incurred 2004-2005. | | 1,500.00 |

X continuation sheets attached

Subtotal $ 20,395.00

Total $ 279,287.43

(Use only on last page of the completed Schedule F.) (Report total also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)



Form B6 F (12/07) **Blumberg**Excelsior, Inc , Publisher, NYC 10013

**In re:** Sidoti, Dawn M. **Debtor(s)** **Case No.** (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| 5255<br>Windham Professionals Inc<br>380 Main Street<br>Salem, NH 03079 | | [ | Original creditor is USA Funds | | 9,870.20 |
| 3419<br>Windham Professionals Inc<br>380 Main Street<br>Salem, NH 03079 | | [ | Original creditor is Sallie Mae | | 6,429.36 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

_____ continuation sheets attached.

Subtotal $ 16,299.56

Total $ 295,586.99

(Use only on last page of the completed Schedule F.)
(Report total also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)